IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **MIDWEST OPERATING ENGINEERS WELFARE FUND**, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 14 C 2557 |
| **CLEVELAND QUARRY**, a division of **RIVERSTONE GROUP, INC.**, | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Following the May 28 status hearing during which this Court ordered -- with the agreement of counsel for the parties -- that the legal question of liability vel non of defendant Cleveland Quarry is to be placed at issue by simultaneous cross-filings followed by simultaneous cross-responses, counsel for Cleveland Quarry caused a copy of its responsive pleading to the Complaint to be delivered to this Court's chambers. This memorandum order is issued sua sponte because of a few problematic aspects of that responsive pleading.

To begin with, Cleveland Quarry's counsel has failed to comply with this District Court's LR 10.1, which is most frequently adhered to by copying each allegation of a complaint verbatim and then responding to it. That LR has the obvious purpose of permitting the reader -- whether opposing counsel, this Court or anyone else -- to see just what is and what is not at issue between the parties, without the reader's having to flip back and forth between two separate pleadings. Accordingly Cleveland Quarry's counsel must return to the drawing board to file a suitable amendment to the Answer on or before June 13, 2014.

Next, Count I Answer ¶ 6 and Count II Answer ¶ 3 inexplicably depart from the plain roadmap marked out by Fed. R. Civ. P. ("Rule") 8(b)(5) for pleaders who seek to disclaim a direct response to any allegations by a plaintiff. Indeed, Cleveland Quarry's counsel has compounded that error by adding the language "and, therefore, denies those allegations." On that score it is of course oxymoronic for a party to assert (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation, then proceed to <u>deny</u> it. Because such a denial is at odds with the pleader's obligations under Rules 8(b)(5) and 11(b), the quoted language is stricken from each of those paragraphs of the Answer.

Hence, as stated earlier, Cleveland Quarry's counsel must file a proper Answer that conforms to the relevant standards identified here. In that respect there will be no need for counsel to repeat the several Defenses that presently follow the Answer itself -- they may be left intact, for those are matters that the parties are expected to address in the cross-submissions referred to at the beginning of this memorandum order. Finally, no charge may be made to Cleveland Quarry by its counsel for the added work and expense incurred in correcting counsel's errors. Cleveland Quarry's counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

                                              */s/ Milton I. Shadur*
                                              Milton I. Shadur
                                              Senior United States District Judge

Date: May 29, 2014